IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JULIO CESAR BALDERAS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 3:19-CV-2826-D |
| VS. | § | |
| | § | |
| TOM NGUYEN, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this action arising from a dispute between *pro se* business owner-plaintiffs Julio Cesar Balderas, Sr., Julio Cesar Balderas, Jr., and Laura Ramos,[1] and landlord defendants Tom Nguyen ("Nguyen") and The Long Bazar Corporation, plaintiffs move under Fed. R. Civ. P. 55 for a default judgment following defendants' failure to answer the suit. For the reasons explained, the court denies without prejudice plaintiffs' motion.

I

Plaintiffs filed suit against defendants on November 26, 2019. The court ordered plaintiffs to file an amended complaint that would comply with Rule 8(a), and plaintiffs filed their first amended complaint on December 27, 2019. On January 10, 2020 plaintiffs filed

---

[1]Another party—Las Alitas Beer & Wings—is listed in plaintiffs' motion for default judgment, but it is not designated as a party-plaintiff in the first amended complaint, and the named plaintiffs are identified in the motion for default judgment as the owners of Las Alitas Beer & Wings. The court need not resolve the status of Las Alitas Beer & Wings at this time. But if it is a separate plaintiff and is not a natural person, it cannot proceed *pro se*, and its suit is subject to dismissal on that basis.

a request for the clerk of court to issue a summons, which the clerk subsequently issued on January 13, 2020.  Four months later, on May 7, 2020, the court ordered plaintiffs to demonstrate good cause in accordance with Rules 4(m) and 6(b) for their failure to effect service on defendants.  Plaintiffs filed the instant motion for default judgment four days later.  On May 13, 2020 the clerk declined to enter default because no proof of service had been filed.

II

A

"[S]ervice of process . . . initiates a defendant's obligations in a civil suit[.]" *Jefferson v. Delgado Cmty. Coll. Charity Sch. of Nursing*, 602 Fed. Appx. 595, 598 (5th Cir. 2015) (per curiam).  Thus until defendants have been properly served, "defendant[s] ha[ve] no duty to answer the complaint and the plaintiff[s] cannot obtain a default judgment." *Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999).  To effect proper service, "[a] summons must be served with a copy of the complaint," Rule 4(c)(1), and plaintiffs must comply with the rules governing service of process according to the type of defendant plaintiffs seek to serve.  *See, e.g.,* Rule 4(e) (delineating rules for serving individuals); Rule 4(h) (delineating rules for serving corporations).  Additionally, "[u]nless service is waived, proof of service must be made to the court" in the form of the "server's affidavit."  Rule 4(l)(1).  "Absent proper service of process, a court lacks personal jurisdiction over the defendant, and any default judgment against the defendant would be void." *Steele v. Unicon Grp.*, 2019 WL 4919027, at *2 (N.D. Tex. Sept. 5, 2019) (Ramirez, J.) (citing *Rogers*, 167

- 2 -

F.3d at 940), *rec. adopted*, 2019 WL 4918258 (N.D. Tex. Oct. 4, 2019) (Godbey, J.).

B

Plaintiffs assert that they "personally served" defendants on December 18, 2019.  Ps. Mot. 2.  In support of their motion, plaintiffs have filed the affidavit of Perla Jajhaira Balderas Saucedo ("Perla").  In this affidavit, which appears to be plaintiffs' proof of service, Perla states that she "personally served the Defendants TOM NGUYEN and his agents on the address of record LANDLORD THE LONG BAZAR CORPORATION 318 East Long Avenue, Fort Worth, Texas 76106," and that "the Defendants were served with an additional copy of the original Complaint, Amended Complaint and Summons via Certified Mail on January 8th 2020."  Aff. 3.

C

The court concludes that plaintiffs have not effected proper service on defendants in this case.

1

As a preliminary matter, plaintiffs' proof of in-person service is deficient.  The affidavit does not contain the *date* on which Perla served defendants in person.  Without this date, "[the affidavit] do[es] nothing to elucidate whether or not Defendant[s] w[ere] properly served."  *Andrade v. United States*, 2015 WL 4638582, at *1 (S.D. Tex. July 6, 2015).

Although Perla's affidavit does include the date on which plaintiffs attempted to serve defendants via certified mail—January 8, 2020—this part of the affidavit is written in the passive voice, and therefore does not disclose *who* attempted to effect service of process by

- 3 -

certified mail.  The identity of the process server is necessary to comply with Rules 4(l)(1) and 4(c)(2).  Under Rule 4(l)(1), "proof must be by the *server's* affidavit."  Rule 4(l)(1) (emphasis added).  In other words, the affidavit of a person other than the actual process server is inadequate to constitute proof of service.  Further, Rule 4(c)(2) permits "[a]ny person who is at least 18 years old and *not a party*" to serve the summons and the complaint. Rule 4(c)(2) (emphasis added).  Here, it is not clear whether Perla or plaintiffs attempted to effect service, and plaintiffs, as parties, are not permitted to serve defendants.  If plaintiffs attempted to effect service via certified mail, service would be improper on this basis alone. Without this information, Perla's affidavit constitutes insufficient proof that defendants were served.  *See Andrade*, 2015 WL 4638582, at *1.

## 2

Plaintiffs' motion and Perla's affidavit also affirmatively establish that service was otherwise improper.  Plaintiffs aver in their motion that defendants were "personally served" on December 18, 2019.  Ps. Mot. 2.  But the clerk of court did not issue a summons in this case until January 13, 2020, nearly one month later.  Because Rule 4(c)(1) requires that a summons be served with a copy of the complaint, plaintiffs could not have effected proper service on defendants until January 13, 2020, at the earliest.  The failure to serve the summons along with the complaint "renders service ineffective."  *Reborn v. Nevada State Educ. Ass'n*, 2014 WL 2960011, at *5 (N.D. Tex. June 30, 2014) (McBryde, J.) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)).

Moreover, to the extent plaintiffs contend that they properly served defendants via

- 4 -

certified mail, the court disagrees.  Because the federal rules do not permit service via certified mail, "[s]ervice by certified mail is only valid if it complies with Texas law."  *Pate v. Zientz,* 2010 WL 3767573, at *1 n.2 (E.D. Tex. Aug. 27, 2010), *rec. adopted*, 2010 WL 3767567 (E.D. Tex. Sept. 21, 2010).  Rule 4(e)(1) permits a party to "follow[] state law for serving a summons."  The Texas Rules of Civil Procedure permit a person authorized by Rule 103[2] to serve defendants by "mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto."  Tex. R. Civ. P. 106(a)(2).  Plaintiffs include the certified mail receipt along with Perla's affidavit.  Notably, however, the "Return Receipt" boxes are left unchecked, and no return receipt has been provided.  Aff. 5.  For this reason, even if the court assumes *arguendo* that the summons was mailed along with the complaint in accordance with Rule 4(c)(1) and that a person authorized by Tex. R. Civ. P. 103 mailed the required documents, service of process via certified mail would nevertheless be defective for failure to comply with Texas law.  *See, e.g., Master Capital Sols. Corp. v. Araujo*, 456 S.W.3d 636, 639 (Tex. App. 2015, no pet.) (collecting cases demonstrating when return of service is defective); *see also* Tex. R. Civ. P. 107(c) ("[T]he return by the officer or authorized person must also contain the

---

[2]"Federal district courts in Texas interpreting Texas Rule 103 have found that the clerk of the court or one of the three authorized persons in Rule 103 can serve process by certified mail."  *Starrett v. Lockeed Martin Corp.*, 2018 WL 1399177, at *4 (N.D. Tex. Mar. 9, 2018) (Rutherford, J.), *rec. adopted sub nom. Starrett v. Lockheed Martin Corp.*, 2018 WL 1383398 (N.D. Tex. Mar. 19, 2018) (Fitzwater, J.), *aff'd*, 735 Fed. Appx. 169 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 834 (2019).  This includes any "sheriff or constable or other person authorized by law," "any person authorized by law or by written order of the court" over the age of 18, or "any person certified under order of the Supreme Court."  Rule 103.

return receipt with the addressee's signature.").

Moreover, it is not clear that plaintiffs attempted service on the right defendants in their respective capacities. Perla's affidavit states that she "personally served the Defendants TOM NGUYEN and his agents on the address of record LANDLORD THE LONG BAZAR CORPORATION 318 East Long Avenue, Fort Worth, Texas 76106." Aff. 3. But the court can take judicial notice that defendant "Long Bazar Corporation" is not listed as a Texas corporation with the Texas Secretary of State. "Long Bazaar Corporation," however, is listed as a Texas corporation, and it includes "Tam Nguyen" as its registered agent with "3800 Lake Powell Drive, Arlington, TX 76016" as the address for both Tam Nguyen and the corporation.[3] Plaintiffs' errors in attempting to serve Nguyen and the corporation, particularly their use of the wrong address, render service of process deficient. *See, e.g., Comal & Co. v. Mays*, 2018 WL 2925541, at *1, *2 (Tex. App. June 12, 2018, no pet.) (mem. op.) (holding that where "process-server attested to providing service by certified mail, not to [the entity's] registered office address, but instead, to a wrong address," service was "invalid and of no effect").

III

Plaintiffs have likewise failed to comply with the procedures governing default judgments, and, on this basis alone, are not entitled to a default judgment. Under Rule 55,

---

[3]This information can be found on the Texas Secretary of State website via the "Business Entity Search." *See* Texas Secretary of State, *Find Entity Name Search*, https://direct.sos.state.tx.us/corp_inquiry/corp_inquiry-find.asp (last visited May 13, 2020).

"[t]here is a three-step process for securing a default judgment." *Steele*, 2019 WL 4919027, at \*1 (citing *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996)).

> [First,] [a] *default* occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. [Second,] [a]n *entry of default* is [entered by] the clerk . . . when the default is established by affidavit or otherwise. [Third,] [a]fter defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a *default judgment*.

*N.Y. Life Ins. Co.*, 84 F.3d at 141 (internal citation and footnote omitted). Here, there is no "entry of default" by the clerk of court, which is a prerequisite to obtaining a default judgment. Until defendants are properly served and the clerk of court enters a default, "Plaintiff[s] ha[ve] no basis for seeking a default judgment." *Steele*, 2019 WL 4919027, at \*2 (recommending that motion for default judgment be denied where "no default has occurred or been entered"). For this reason, the court denies plaintiffs' motion.

\*   \*   \*

Accordingly, the court denies without prejudice plaintiffs' motion for default judgment.

**SO ORDERED**.

May 14, 2020.

SIDNEY A. FITZWATER
SENIOR JUDGE

- 7 -