IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JULIO CESAR BALDERAS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 3:19-CV-2826-D |
| VS. | § | |
| | § | |
| TOM NGUYEN, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

This court has twice ordered the *pro se* plaintiffs to show good cause in accordance

with Fed. R. Civ. P. 4(m) and 6(b) for failing to effect service on defendants Tom Nguyen

and The Long Bazar Corporation.  Most recently, the court on July 24, 2020 ordered that

plaintiffs effect proper service or move for substitute service within 28 days.  That deadline

expired on August 21, 2020 without plaintiffs' compliance.  Accordingly, the court dismisses

this action without prejudice under Rule 4(m) by judgment filed today.[*]

I

The relevant background facts and procedural history are set out in the court's May

14, 2020 memorandum opinion and order.  The court will therefore briefly supplement the

relevant procedural history.

---

[*]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

Plaintiffs filed this suit against defendants on November 26, 2019.  The court ordered plaintiffs to file an amended complaint that would comply with Rule 8(a), and plaintiffs filed their first amended complaint on December 27, 2019.  On January 10, 2020 plaintiffs filed a request for the clerk of court to issue a summons, which the clerk did on January 13, 2020. Four months later, on May 7, 2020, the court ordered plaintiffs to demonstrate good cause in accordance with Rules 4(m) and 6(b) for their failure to effect service on defendants. Plaintiffs moved for default judgment on May 11, 2020.  The clerk declined to enter a default because no proof of service had been filed.  On May 14, 2020 the court denied plaintiffs' motion for a default judgment in a memorandum opinion and order that explained in detail the defects in plaintiffs' attempted service.

On May 26, 2020 the court ordered plaintiffs to show good cause in accordance with Rules 4(m) and 6(b) for failing to effect service on defendants.  Plaintiffs responded on June 12, 2020, and the court gave them one final opportunity to comply with Rule 4 in its May 14, 2020 memorandum opinion and order.  As noted, plaintiffs have neither effected proper service nor moved for substitute service.

II

In seeking default judgment, plaintiffs filed an affidavit that appears to be plaintiffs' proof of service.  As the court explained in detail in its May 14, 2020 memorandum opinion and order, plaintiffs have not demonstrated that they effected proper service on defendants in this case for at least the following reasons: (1) plaintiffs' affidavit does not contain the date on which defendants were served in person and does not disclose who attempted to effect

- 2 -

service of process by certified mail; (2) plaintiffs aver that defendants were "personally served" nearly one month *before* the clerk of court issued a summons in this case; (3) plaintiffs did not deliver the summons and complaint by certified mail with return receipt requested as required by Texas law; and (4) it is not clear that plaintiffs attempted service on the correct defendants in their respective capacities at the correct addresses. Since the court filed its May 14, 2020 memorandum opinion and order, plaintiffs have made no documented attempts to effect proper service or move for substitute service. They responded on June 12, 2020 to the court's order, but they then failed to comply when the court on July 24, 2020 gave them one final opportunity to comply with Rule 4 and the court's May 14, 2020 memorandum opinion and order and effect proper service or move for substitute service within 28 days of the date of the order.

* * *

For the reasons explained, the court dismisses this action without prejudice under Rule 4(m).

**SO ORDERED**.

September 16, 2020.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE